UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRELL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY CORRECTIONAL FACILITY,<br><br>Defendant. | NO. C15-1427-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Plaintiff Terrell Johnson, a pretrial detainee at the King County Correctional Facility ("KCCF") in Seattle, Washington, brings this 42 U.S.C. § 1983 civil rights action against the KCCF. Plaintiff alleges that the KCCF is responsible for injuries he sustained after he slipped and fell getting out of the shower. Dkt. 6 at 3. He also claims that he received inadequate medical care following his fall. *Id.* He seeks $100,000.00 in damages. *Id.* at 5.

Defendant has moved for summary judgment and provided plaintiff with the necessary warnings pursuant to *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998). Dkts. 17 & 25. Among other things, defendant argues that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §

1997e. Dkt. 17. Plaintiff did not file a response. Having considered defendant's unopposed motion, the balance of the record, and the governing law, the Court concludes that defendant's summary judgment motion should be GRANTED because plaintiff did not exhaust his administrative remedies.

**DISCUSSION**

"The PLRA requires a prisoner to exhaust 'available administrative remedies' before bringing an action with respect to prison conditions." *Williams v. Paramo*, 775 F.3d 1182, 1190-91 (9th Cir. 2015) (quoting 42 U.S.C. § 1997e(a)); *see also Booth v. Churner*, 532 U.S. 731, 736 (2001). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

"Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove' [in a motion for summary judgment]." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). The Ninth Circuit has adopted a burden shifting scheme for evaluating PLRA exhaustion:

> [A] defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. The ultimate burden of proof, however, remains with the defendants.

*Williams*, 775 F.3d at 1191 (citation and quotation omitted). Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows a failure to exhaust. *Albino*, 747 F.3d at 1166, 1168; *see also* Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (court must draw all reasonable inferences in favor of the nonmoving party).

To exhaust under the PLRA, an inmate must pursue every available step of the prison grievance process and adhere to the "critical procedural rules" of that process. *Woodford*, 548 U.S. at 90. A prison system's own requirements "define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. At the KCCF, inmates may file written grievances regarding specific complaints or concerns about facility conditions, problematic conduct or actions by staff or other inmates, operational procedures or practices that affect the inmate personally, and medical care received through the Jail Health Services ("JHS"). Dkt. 19 at ¶ 4; Dkt. 24 at ¶ 3. Inmates also have the right to appeal if they are dissatisfied with the grievance response. Dkt. 19 at ¶ 4; Dkt. 24 at ¶ 3.

Defendant argues that plaintiff failed to exhaust because he did not appeal the grievances he filed related to his fall. Dkt. 17 at 8; Dkt. 19 at ¶ 5; Dkt. 19-1 at 2; Dkt. 24 at ¶¶ 4-6; Dkt. 24-1 at 2. The undisputed evidence establishes that on August 23, 2015, plaintiff signed a medical grievance regarding the treatment he received following his fall. Dkt. 24-1 at 2. JHS responded on August 27, 2015. *Id.* The grievance form indicated how plaintiff could appeal, but he did not do so. *Id.*; *see also* Dkt. 24 at ¶ 6. Plaintiff also filed an inmate grievance regarding his fall, which KCCF received on August 26, 2015. Dkt. 19-1 at 2. Sergeant Graves responded on August 29, 2015. *Id.* at 3. Again plaintiff did not complete the appeal section of the form. *Id.*; Dkt. 19 at ¶ 5. Because plaintiff did not appeal, he did not complete every available step of the prison grievance process as required by the PLRA. Defendant has proven that petitioner did not exhaust available administrative remedies. As petitioner did not file a response, he has not created a genuine issue of material fact regarding exhaustion. Defendant is entitled to summary judgment.

**CONCLUSION**

Based on the foregoing, the Court recommends that defendant's motion for summary judgment, Dkt. 17, be GRANTED and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 6, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 8, 2016.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 15th day of June, 2016.

James P. Donohue

JAMES P. DONOHUE
Chief United States Magistrate Judge